NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1415

NORGREN INC.,

Appellant,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee.

and

SMC CORPORATION and SMC CORPORATION OF AMERICA,

Intervenors.

Carl F. Manthei, The Ollila Law Group LLC, of Boulder, Colorado, argued for appellant. With him on the brief was Curtis J. Ollila.

Mark B. Rees, Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, argued for appellee. With him on the brief were James M. Lyons, General Counsel, and Andrea C. Casson, Assistant General Counsel.

Arthur J. Neustadt, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., of Alexandria, Virginia, argued for intervenors. With him on the brief were Thomas J. Fisher, Barry J. Herman, and Eric W. Schweibenz.

Appealed from: United States International Trade Commission

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1415

NORGREN INC.,

Appellant,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee,

and

SMC CORPORATION and SMC CORPORATION OF AMERICA,

Intervenors.

On appeal from the United States International Trade Commission in Investigation No. 337-TA-587.

_____

DECIDED: May 26, 2009

_____

Before SCHALL, GAJARSA, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Norgren, Inc. (Norgren) appeals from a final determination of the International Trade Commission (ITC) in a section 337 investigation. See 19 U.S.C. § 1337. Norgren is the assignee of U.S. Patent No. 5,372,392 (the '392 patent). The ITC instituted this investigation based on a complaint filed by Norgren that named SMC Corporation and SMC Corporation of America (collectively, SMC), among others, as respondents. The administrative law judge (ALJ) concluded in an initial determination that SMC did not violate section 337 because the accused SMC structures do not

infringe the '392 patent. The ALJ also determined that the asserted claims of the '392 patent are nonobvious. The ITC declined to review the ALJ's initial determination and terminated the investigation with a finding of no violation. Norgren appeals. For the following reasons, we reverse-in-part, vacate-in-part, and remand.

BACKGROUND

The technology at issue concerns structures that connect fluid-conditioning units—e.g., filters, regulators, and lubricators (FRLs)—in a compressed air pipeline. Between an air compressor and a point of use, a pipeline can include various conditioning units connected in series. Problems associated with prior art connecting structures included high production costs and loose parts requiring assembly by a user. An object of the invention of the '392 patent was to permit ready disconnection of FRLs. These compressed air systems are typically found in assembly-line manufacturing operations, and ready disconnection of FRLs limits the amount of service time for which an assembly line might need to be shut down. The '392 patent claims a connecting structure wherein one side of the structure can be pivoted in and out of its operating position. Figures 1 and 4 show the preferred embodiment of the '392 patent:



Fig. 1

Fig. 2

Fig. 4

Figure 4 depicts a connecting structure as it connects two FRL units having outlet ports (27 and 31) and flanges (26 and 30). The parties and the ALJ refer to the vertical portions of the flanges as projecting rims, and we will do the same. Figure 1 is an exploded view of the connecting structure. The rectangular spacer (2) slides into the u-shaped member (1) along channels (5, 6, and 7), with elongated member (3) in the raised position. The projecting rims of the flanges slide in between the spacer and the channel walls. The elongated member is then lowered and bolted closed. The primary issue on appeal—claim construction—focuses on the projecting rims of the flanges.

## DISCUSSION

Norgren filed a complaint with the ITC in which it alleged violations of section 337 in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain SMC connecting structures that allegedly infringe claims 1–5, 7, and 9 of the '392 patent. The ALJ held an administrative trial, received post-hearing briefing from the parties, and then issued an initial determination

in which he concluded that there was no violation of section 337. More specifically, the ALJ found that the accused SMC connecting structures do not infringe the asserted claims because they do not meet the claim limitation of "a four-sided generally rectangular clamp adapted, in its operative clamping position, to engage, in parallel relationship with one another, the pair of ported flanges." The ALJ also determined that the asserted claims of the '392 patent are nonobvious. The ITC decided not to review the initial determination and terminated the investigation with a finding of no violation.

Norgren appeals, challenging the ALJ's claim construction. Both the ITC (as appellee) and SMC (as intervenors) respond that the ALJ's finding of noninfringement was correct because the underlying claim construction was correct. SMC also argues that the ALJ erred in concluding that the asserted claims are not invalid for obviousness. We have jurisdiction under 28 U.S.C. § 1295(a)(6).

We review claim construction de novo. Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n, 383 F.3d 1352, 1360 (Fed. Cir. 2004); see also Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1455–56 (Fed. Cir. 1998) (en banc). Independent claim 1 of the '392 patent recites as follows:

> 1. Connecting structure for contiguously connecting together a pair of fluid-flow elements, each fluid flow element including <u>a generally rectangular ported flange</u> so as to define a pair of ported flanges associated with the fluid-flow elements, said connecting structure comprising:
>
>> a four-sided, generally rectangular clamp adapted, in its operative clamping position, to engage, in parallel relationship with one another, <u>the pair of ported flanges</u>, one of said sides of the clamp being pivotally mounted so that said one side can be pivoted out of said operative clamping position in order to permit reception of said flanges into the clamp and then pivoted back into said operative clamping position,

> sealing means for establishing fluid-tight communication between the respective ports formed in said flanges, and
>
> locking means for releasably locking said one side in said operative clamping position, in which position the clamp urges the flanges towards one another thereby establishing together with said sealing means, said fluid-tight communication between said ports.

Because this claim recites a "clamp adapted . . . to engage . . . the pair of ported flanges," the parties agree that we must construe "generally rectangular ported flange," which appears in the preamble of claim 1, insofar as the flange is configured to permit engagement by the clamp. The ALJ explained, "whether or not the flange on an FRL must have two or four . . . rims is the salient issue to be determined." The ALJ stated:

> the word "flange," as used in the claims of the '392 patent, is the structure that is received into the claimed clamp, and further that "a generally rectangular ported flange" is a flange of rectangular shape with projections on all four sides and a hole in the middle that is used as a port.

The ALJ further explained:

> In view of the fact that the clamp must be four-sided, and the clamp is specially adapted to engage the generally rectangular ported flanges of the FRLs, it is reasonable to conclude that each rectangular flange is engaged on all four of its sides by the four-sided clamp. Thus, the clamp is adapted to engage flanges with four projecting rims.

Norgren argues that the ALJ's claim construction is erroneous for requiring that each flange has projections (or projecting rims) on all four sides.[1] We agree.

---

[1] In its briefs, Norgren also maintained that the ALJ's claim construction incorrectly requires that the entire flange be received into the clamp. At oral argument, however, counsel for Norgren and counsel for SMC conceded that for the SMC accused structures, flanges do not extend beyond the clamp. Oral Argument Tr. 9:07–11:46 (Norgren), 35:08–36:47 (SMC). In other words, the accused SMC connecting structures permit reception of two flanges entirely into the clamp. Accordingly, we do not address this issue.

Nothing in the claims, written description or prosecution history requires four projecting rims. The claims of the '392 patent do not recite the terms "rim" or "projection." Indeed the term "rim" does not appear anywhere in the '392 patent. The specification refers to two items as projections—the hook attached to the rectangular spacer and a ridge in another embodiment of the u-shaped member—neither of which are present on the flanges or relate to the flanges in any way. See '392 patent col.2 l.62, col.3 l.1, col.4 l.19. It is true that the figures of the '392 patent depict a preferred embodiment that includes two flanges, each with four projecting rims. See id. figs.3 & 4. But these figures are the full extent to which the patent refers to flanges with four projecting rims. Thus under the well-established prohibition on importing limitations from the specification into the claims, see Phillips v. AWH Corp., 415 F.3d 1303, 1320, 1323, the "generally rectangular ported flange" of the asserted claims of the '392 patent is not limited to a flange having four projecting rims.

The "generally rectangular" language pertains to the overall shape of the flange. The figures below depicting the Norgren and SMC flanges attached to the FRLs show that each is generally rectangular. The subsequent Figures show just the two flanges. The dotted lines indicate the projections (rims). The SMC device has two, the Norgren device four.

## A Generally Rectangular Ported Flange



## SMC's Mounting Ears



Norgren
Generally Rectangular
Ported Flange



SMC
Mounting Ears



SMC Br. 23–24. The claim limitation "rectangular" is satisfied by the overall shape of the flange and does necessitate four rims. The "ported" language indicates that the flange have a port or hole in the center for the passage of fluid. This cannot be the source of the four rims limitation. That leaves the word "flange." Neither party is suggesting that one of ordinary skill in the art would understand the word flange alone to necessitate four rims. Although the word flange necessarily calls to mind a protrusion,

rim or projection, nothing in the specification of the '392 patent suggests that the claimed flange must always include four rims. A "generally rectangular ported flange" is a generally rectangular projection with a hole for fluid passage. Norgren admitted, however, that the flange must have "sufficient projecting rims for the clamp to function." See Initial Determination at 18. But this does not require four rims.

Although it is possible for a four-sided, generally rectangular clamp to engage each generally rectangular flange on all four sides, nothing in the claims or the rest of the specification requires that every side contain a rim. For these reasons, the ALJ's construction is erroneous as it reads a limitation into the claims.

It is undisputed that the accused SMC structures are ported and generally rectangular. The accused SMC structures have two "mounting ears," i.e., two projecting rims. Applying the correct claim construction of "generally rectangular ported flange" to the undisputed facts, we reverse the noninfringement determination of the ITC.

Lastly, SMC asserts that we could affirm the ITC determination of no violation by concluding that the ALJ erred in concluding that the '392 patent is nonobvious. We believe, however, that the ALJ should evaluate obviousness in the first instance under the correct construction of "generally rectangular ported flange"—i.e., a construction that does not require a flange having projections on all four sides.

## CONCLUSION

In light of the change to claim construction, we reverse the ITC's determination of noninfringement, vacate the ITC's determination of nonobviousness, and remand.