NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GOOGLE LLC,**
*Appellant*

**v.**

**SONOS, INC.,**
*Appellee*

---

2023-1259

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00964.

---

Decided:  May 23, 2024

---

DANIEL C. TUCKER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for appellant. Also represented by ERIKA ARNER, KELLY HORN, Washington, DC; CORY C. BELL, Boston, MA.

ELIZABETH MOULTON, Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, argued for appellee.  Also represented by ALYSSA MARGARET CARIDIS, Los Angeles, CA; MARK S. DAVIES, Washington, DC; PARTH SAGDEO, Boston, MA; EMILY VILLANO, New York, NY.

———————

Before LOURIE, PROST, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Google LLC ("Google") appeals a Patent Trial and Appeal Board ("Board") final written decision concluding that claims 1–5, 7–12, 14–16, 18, and 20 of U.S. Patent No. 10,229,586 ("the '586 patent") are unpatentable. *Sonos, Inc. v. Google LLC*, No. IPR2021-00964, 2022 WL 5265117 (P.T.A.B. Oct. 6, 2022) ("*Decision*"). For the reasons below, we affirm.

## BACKGROUND

Sonos, Inc. ("Sonos") filed a petition for inter partes review of the '586 patent, including review of claims 3, 4, 11, 12, and 20 (the "delay-value claims"). The '586 patent "relates to a wireless sensor unit system providing bi-directional communication between a sensor . . . and a repeater or base unit." '586 patent col. 1 ll. 38–41. In an embodiment with more than one repeater, there is a "possibility that two repeaters . . . could try to forward packets for the same sensor unit" at the same time, causing messages to collide and become corrupted or garbled. *Id.* at col. 11 ll. 34–36. To "reduc[e] the chance of packet collisions," a "delay period is programmed into each repeater." *Id.* at col. 11 ll. 38–42.

Sonos presented three grounds of unpatentability in its petition: (1) obviousness in view of Baker[1] and Bruckert,[2] (2) obviousness in view of Baker, Bruckert, and McMillin,[3]

———————

[1]　U.S. Patent App. Pub. No. 2006/0120433 ("Baker"); J.A. 1225–52.

[2]　European Patent App. No. 0416732 ("Bruckert").

[3]　U.S. Patent No. 7,027,773 ("McMillin"); J.A. 2195–2259.

and (3) obviousness in view of Marman[4] and Shoemake.[5] J.A. 134. Relevant to this appeal are grounds 2 and 3. With respect to ground 2, the Board determined that claims 2–4, 7, 10–12, 16, 18, and 20 would have been obvious. *Decision*, 2022 WL 5265117, at *10–11. With respect to ground 3, the Board determined that claims 1, 2, 4, 5, 7–12, 14–16, 18, and 20 would have been obvious but that claim 3 was not shown to have been obvious. *Id.* at *12–17.

In its petition, Sonos argued that a person of ordinary skill in the art ("POSITA") would have been motivated to combine McMillin's collision-avoidance techniques with Baker's network configuration to reduce "the risk of message collision, garbling, and corruption." J.A. 183–85. In response, Google argued that Sonos failed to provide an "explanation for why a POSITA would have combined the *particular feature* of McMillin with the hypothetical Baker/Bruckert combination." J.A. 335 (emphasis in original). Google did not dispute that the network in Baker is subject to the same collision problem that McMillin addresses, that McMillin teaches using delays to avoid message collision, or that a POSITA would have understood McMillin's collision-avoidance techniques could improve Baker's system. *Compare* J.A. 183–85, *with* J.A. 335–37. The Board found that Sonos and its expert had shown a close similarity between Baker and McMillin and advantages for combining these references that demonstrated why a POSITA would have been motivated to combine the references. *Decision*, 2022 WL 5265117, at *10–11. The Board then concluded that the delay-value claims would have been obvious over Baker, Bruckert, and McMillin.

---

[4]   PCT App. No. WO 00/21053 ("Marman"); J.A. 1306–69.

[5]   U.S. Patent App. Pub. No. 2002/0122413 ("Shoemake").

Google timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

### DISCUSSION

Google appeals the Board's determination of obviousness in grounds 2 and 3 with respect to the delay-value claims.  First, Google argues that substantial evidence does not support the Board's finding that a POSITA would have been motivated to combine Baker and Bruckert with McMillin for claims 3, 4, 11, 12, and 20.  Second, Google argues that the Board erred in determining that claims 4, 11, 12, and 20 would have been obvious over Marman and Shoemake because the Board's determination that claim 3 was not shown to have been obvious required a determination that the "substantively identical" delay-value claims were also nonobvious.  Appellant's Br. 28.  We address each argument in turn.

### I

Whether a POSITA would have been motivated to combine prior-art references is a factual question that we review for substantial evidence.  *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1378 (Fed. Cir. 2023).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1324 (Fed. Cir. 2017) (cleaned up).

Google argues that substantial evidence does not support the Board's finding that a POSITA would have been motivated to combine Baker and Bruckert with McMillin because Sonos's motivation to combine is too generic and "untethered to the specific language of the delay value claims." Appellant's Br. 22.  In Google's view, motivations to combine must be articulated on a claim-by-claim basis. Oral Arg. at 1:55–3:44, No. 23-1259, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1259_0506202 4.mp3.  We disagree.

Google's argument that Sonos's motivation to combine is too generic is not supported by the teachings of *KSR*. *KSR* rejected "rigid rule[s] that limit[] the obviousness inquiry" in favor of "an expansive and flexible approach" to obviousness analysis. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415, 419 (2007). "[T]he analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim . . . ." *Id.* at 418. A motivation-to-combine "rationale is not inherently suspect merely because it's generic in the sense of having broad applicability or appeal." *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 784, 797 (Fed. Cir. 2021). Rather, "generic" or "conclusory" analysis is insufficient when it bears "'no relation to any specific combination of prior art elements . . . from specific references' and [does]n't explain why a skilled artisan would have combined them '*in the way the claimed invention does*.'" *Id.* (emphasis in original) (quoting *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1328 (Fed. Cir. 2012)).

For example, in *ActiveVideo*, the purported motivations to combine were wholly generic and divorced from any specific reason why a POSITA would be motivated to make the proposed combination of prior-art references. There, the expert merely alleged that a POSITA would have been motivated to combine prior-art references "to build something better," to make a system "more efficient, cheaper, or . . . ha[ve] more features," to be "more attractive to your customers," and to "do something new." *ActiveVideo*, 694 F.3d at 1328. Unlike *ActiveVideo*, Sonos and its expert "indicated precisely how and why a skilled artisan would have combined the references." *Intel*, 21 F.4th at 797. Sonos proposed *how* to combine Baker's network with McMillin's collision-avoidance techniques, and there is no dispute that Baker and McMillin disclose each of the elements of the delay-value claims. Appellant's Br. 24–26; J.A. 335–37. Sonos further explained *why* a POSITA would have been motivated to combine known collision-avoidance

techniques from McMillin with Baker's network—i.e., because it would reduce "the risk of message collision, garbling, and corruption." J.A. 184 (citing J.A. 1157 ¶ 391).

Google also argues that Sonos's proposed motivation is conclusory, invoking the notion that "knowledge of a problem and motivation to solve it are entirely different from motivation to combine particular references to reach the particular claimed method." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008); *see also* Appellant's Br. 24. In *Innogenetics*, we concluded that expert testimony that "merely list[ed] a number of prior art references and then conclude[d] with the stock phrase 'to one skilled in the art it would have been obvious to perform the [claims]'" was insufficient to support a determination of obviousness. 512 F.3d at 1373. We have distinguished the facts of *Innogenetics*, which involved wholly conclusory motivations to combine, from motivations providing more than mere listings of the prior art and conclusions of obviousness. *See Meyer Intell. Props., Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1375 (Fed. Cir. 2012) (finding expert report not conclusory where "one skilled in the art would have been motivated based on familiarity with the prior art" and "common sense"); *Norgren Inc. v. ITC*, 699 F.3d 1317, 1327 (Fed. Cir. 2012) ("[T]he Commission properly found the claims obvious based on evidence of known problems and an obvious solution."). Indeed, *KSR* stated that "[o]ne of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." 550 U.S. at 419–20. The motivations to combine here are unlike those in *Innogenetics*. Not only was there knowledge of the problem and motivation to solve it, but Sonos and its expert explained that Baker and McMillin have similar network structures, that both networks (absent collision-avoidance techniques) would suffer from the same problem, and that

McMillin disclosed solutions to the collision problems. J.A. 183–85; J.A. 1156–57 ¶¶ 383–90.

Google further argues that motivations to combine must be presented on a claim-by-claim basis. We have never mandated that such a rigid motivation-to-combine analysis is necessary in every case. "[T]he law has always evaluated the motivation to combine elements based on the combination of prior art *references* that together disclose all of the elements of the invention." *Gen. Elec. Co. v. Raytheon Techs. Corp.*, 983 F.3d 1334, 1352 (Fed. Cir. 2020) (emphasis in original). There is no need to establish a motivation to combine on a claim-by-claim basis when the proposed motivation logically applies to all of the claims at issue, as Sonos's proposed motivation for the delay-value claims does here. *See* J.A. 183–85 (applying the same motivation to combine to all the delay-value claims). In this context, the Board's findings are supported by substantial evidence. *Decision*, 2022 WL 5265117, at *10–11 (citing J.A. 1156–57 ¶¶ 383–90).

The Board's finding of a motivation to combine Baker and Bruckert with McMillin is supported by substantial evidence. We thus affirm the Board's determination that the delay-value claims would have been obvious over Baker, Bruckert, and McMillin.

## II

Google also appealed the Board's determination that claims 4, 11, 12, and 20 are unpatentable in view of Marman and Shoemake. Because we affirm the Board's determination of unpatentability on these same claims in view of Baker, Bruckert, and McMillin, we do not consider Google's arguments regarding Marman and Shoemake.

## CONCLUSION

We have considered Google's remaining arguments and find them unpersuasive. For the foregoing reasons, we

8                                        GOOGLE LLC v. SONOS, INC.

affirm the Board's determination that claims 3, 4, 11, 12, and 20 are unpatentable.

**AFFIRMED**